IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIROSLAV STOLICA,

Defendant.                                          No. 09-cr-30047-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's Motion to Continue Trial (**Doc. 26**), which is currently set for August 31, 2009 at 9:00 a.m. The Government's stated reason for requesting the continuance is that the Assistant United States attorney in charge of this case is scheduled to attend training on that date in Washington D.C. The Assistant United States Attorney cites **Title 18, United States Code, Section 3161(h)(8)(A)**, but surely means **Section 3161(h)(7)(A)**. (**Doc. 26).** The Government asserts that upon the return of the assistant from training she will be engaged in a bench trial with Magistrate Judge Proud, beginning September 8, 2009, but does not state the anticipated length of said trial. Defendant filed a Response opposing the continuance (**Doc. 27**).

The trial in this matter, which was originally set for July 13, 2009, has already been continued once. The Speedy Trial Act, **18 U.S.C. § 3161 *et seq*.**, requires that "in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

offense shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant has appeared before a judicial officer, of the court in which such charge is pending, whichever date last occurs." **18 U.S.C. § 3161(c)(1)**. The indictment in this case was filed May 5, 2009. (**Doc. 1**). Defendant made his first appearance before a judicial officer on May 11, 2009. (**Doc. 6**). On July 8, 2009, the trial was continued until August 31, 2009, with the intervening period being excluded for purposes of speedy trial. (**Doc. 22**). By the Court's calculations, Defendant's trial must take place on or before September 12, 2009 in order to comply with the Speedy Trial Act.

Based on the dates outlined above, the Court is unable to know if it could grant the Government's Motion and still be within the dictates of the Speedy Trial Act without conflicting with the bench trial to which the Government alluded. It is academic, however, the Court's docket for the month of September, and especially the week of September 7, 2009, is already full, including multiple jury trials. The Speedy Trial Act, at **18 U.S.C. § 3161(h)(7)(C)**, provides that the court's congested calendar cannot be used as a reason to exclude days from the speedy trial clock. Thus, the Court is unable to reschedule this case for the dates the Government requests or any date within reason thereafter and still be in compliance with the Speedy Trial Act. Moreover, as Defendant points out in his Response, training is not one of the "periods of delay" listed in the Speedy Trial Act as being excludable for purposes of the Act. *See* **18 U.S.C. § 3161(h)(1-6)**. Nor does the Government's request meet the standard set forth in section **3161(h)(7)** of the Act. Given the

relatively simple nature of this one-count felon in possession of firearm case and the fact that trial is still 6 weeks away, the Government can substitute another attorney to try the case without any prejudice.

Accordingly, pursuant to **18 U.S.C. § 3161(h)(7)(A)** the Court finds that the best interests of the public and the Defendant in a speedy trial outweigh the ends of justice served by granting the Government's request for a continuance and **DENIES** the Government's Motion to Continue Trial. This matter remains set for jury trial on August 31, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 27th day of July, 2009.

/s/     *David R Herndon*
**Chief Judge
United States District Court**