# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MIROSLAV STOLICA,**

**Defendant.**  No. 09-cr-30047-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Defendant's Motion to Sever . (Docs. 40 & 43). Pursuant to Federal Rules of Civil Procedure 8(a) and 14, Defendant seeks to sever Counts II and III from Count I of the Superseding Indictment. (Doc. 35). The Government timely filed a Response. (Doc. 49). On August 21, 2009, the Court heard oral arguments from each party and took the matter under advisement. (Doc. 50). For the reasons that follow, the Court **DENIES** Defendant's Motion to Sever.

### II. Analysis

**A. Misjoinder Under Rule 8 (a)**

Rule 8(a) provides in relevant part that an indictment may charge two or more offenses in separate counts if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or

constitute parts of a common scheme or plan." **FED. R. CRIM. P. 8(a)**. The joinder rule is construed broadly in the interest of conserving judicial resources and avoiding costly, duplicative trials." ***United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008)**. In other words, there is a strong policy preference in favor of joinder. ***United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1997)**. The propriety of joinder is primarily focused on the face of the indictment and not the evidence presented at trial. ***Alexander,* 135 F.3d at 475; United States v. Coleman, 22 F.3d 126, 132 (7th Cir. 1994) ("The test of misjoinder is what the indictment charges, not what the proof at trial shows.")**. That said, the Government's theory of the case has relevance to the analysis as well. ***See United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007)**.

Defendant argues that Counts II and III, each of which alleges an instance of passing a counterfeit $100 federal reserve note, are misjoined with Count I, which alleges Defendant was a felon in possession of a firearm. The Government argues that the three counts are properly joined because (a) they are connected with or constitute part of a common scheme or plan; and (b) in light of the Defendant's alibi defense regarding the felon in possession charge, Federal Rule of Evidence 404(b) would allow admission of evidence of the counterfeiting counts to prove the identity of the Defendant for purposes of the felon in possession count.

Looking to the face of the indictment and in light of the strong policy preference favoring joinder, the Court believes there is a sufficient relationship

among the three offenses charged to merit joinder for trial. The Government's theory of the case, as set forth in its Response (Doc. 49) and as argued at the hearing on the matter (Doc. 50), is that each sale was part of a common scheme or plan to sell illegal contraband for profit to M.E.S., Jr., the Government witness. Indeed, each count charges an offense that stems from the Defendant's alleged illegal sale/transfer of contraband. In the case of Count I, the alleged contraband is a firearm, which Defendant is allegedly prohibited from possessing because he is a convicted felon. The firearm was allegedly sold or transferred to "M.E.S., Jr." on February 24, 2009. (Doc. 35). In Counts II and III, the alleged contraband is counterfeit $100 federal reserve notes. The $100 note described in Count II was allegedly sold to "M.E.S., Jr." on February 18, 2009. (Doc. 50). The $100 note described in Count III was allegedly sold to "M.E.S., Jr." on February 27, 2009. (Doc. 50).

While the violations charged in Counts II and III are starkly different than that in Count I in terms of the elements of the offense and statutory authority, the nature of the actual conduct underlying each offense is similar: the sale or transfer of contraband.[1] The alleged violations all took place within a nine day period, with the firearm sale the second of the three transactions. Each sale or transfer was to the same person. Such a proximity in time and involvement of the same purchaser gives

---

[1] While the allegation in Count I that Defendant allegedly sold or transferred etc. the firearm (as opposed to merely possessing it) is not necessary to the charge, the fact that the charged conduct is "surplusage" does not undermine the Court's analysis that the face of the indictment in this case supports the inference of a relationship between the three offenses.

some indication that the three offenses were indeed part a "common scheme or plan." Moreover, that the firearm offense was the second of the three alleged transactions gives somewhat more support to the contention that it was connected to the other two counterfeit note transfers as part of a series of transactions. Thus, in light of the strong policy in favor of joinder, the Court rejects Defendant's argument that there is misjoinder of the three counts of the Superseding Indictment.

### B. Severance Pursuant to Rule 14

Rule 14(a) provides that "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . ., the cout may order separate trials of counts . . . or provide any other relief that justice requires." **FED. R. CRIM. P. 14(a)**. Put another way, Rule 14 allows a district court to sever otherwise properly joined counts when it appears a party may be prejudiced. ***See e.g., United States v. Koen*, 982 F.2d 1101, 1112 (7th Cir. 1992)**. In order to determine whether severance is appropriate, a trial court balances the cost of conducting separate trials against the possible prejudice inherent in a single trial. ***United States v. Donaldson*, 978 F.2d 381, 391 (7th Cir. 1992)**. The decision of whether to grant a severance pursuant to Rule 14 is within the trial court's discretion. ***United States v. Rollins*, 301 F.3d 511, 517-518 (7th Cir. 2002)**.

Defendant argues that Count I should be severed from the trial of Counts II and III because of the prejudice that will accrue from trying the firearm charge with the counterfeiting charge. Defendant seems to refer three potential sources of

prejudice. First, is the subjectively greater stigma associated with firearms charges versus counterfeiting, which means evidence from Count I could unduly prejudice Defendant's trial on Counts II and III. Second, is the negative stigma of having Defendant's alleged prior felony conviction(s) aired to the jury, which the Government must in order to gain a conviction on Count I, but not Counts II or III. Finally, is simply the cumulative effect of other "bad acts" evidence that is inherent in multiple count criminal trials. Underpinning Defendant's arguments is the notion that "much of the evidence relating to the counterfeiting charges would not be admissible in the trial on the gun count and vice versa." (Doc. 43, p. 3, ¶ 3).

The Government, on the other hand, argues that the benefits of a joint trial outweigh any prejudice. Further, the Government urges that any prejudice that is present can be addressed with appropriate limiting instructions. Finally, the Government, pointing to Defendant's anticipated alibi defense for Count I, argues that Defendant fails to show prejudice requiring severance because evidence from Counts II and III would be admissible in a separate trial of Count I to prove *identity/modus operandi* pursuant to Rule 404(b).

Taking into account the totality of the circumstances, the Court finds that the costs of holding separate trials in this case outweigh the prejudice that potentially might accrue to the Defendant. Save Defendant's alibi witnesses, who at this time appear to only have testimony relevant to Count I, a separate trial for Count I will require the same witnesses as Counts II and III. Moreover, the costs of impaneling two juries and the inconvenience to those jurors called to serve would be greater than

trying this relatively simple case in one trial. Of course, the time and resources of both the Court and the Government would be more depleted with two trials as opposed to one. Any undue prejudice that might accrue to the Defendant can be addressed in a way that safeguards his right to a fair trial.

Given the relatively small number of counts, the relative simplicity of the charges, and the lack of complexity of the alleged conduct underlying each charge, **supra**, the Court believes that a properly instructed jury can sort through the evidence and follow limiting instructions, thus avoiding any prejudicial evidentiary spillover or cumulation of evidence from trying all three counts at once. **See e.g., United States v. Turner, 93 F.3d 276, 284 (7th Cir. 1996)**. In any event, in light of the Defendant's alibi defense for Count I, it appears likely that evidence of the counterfeiting charges would be admissible in a separate trial of Count I in order to prove Defendant's identity/*modus operandi.* **See United States v. Rollins, 301 F.3d 511, 518-519 (7th Cir. 2002); United States v. Moore, 115 F.3d 1348, 1354-1355 (7th Cir. 1997)**. Thus, the Court declines to exercise its discretion and sever Count I from Counts II and III for purposes of trial.

### III. Conclusion

The Court finds that pursuant to Federal Rule of Criminal Procedure 8(a), joinder of Count I to Counts II and III is proper. The Court further finds that pursuant to Federal Rule of Criminal Procedure 14(a) the costs of holding two trials outweighs any undue prejudice Defendant may accrue from trying all three counts

in a single trial. Accordingly, the Court **DENIES** Defendant's Motion to Sever.

**IT IS SO ORDERED.**

Signed this 1st day of September, 2009.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**