IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIROSLAV STOLICA,

Defendant.                                                    No. 09-cr-30047-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Motion to Compel. (Doc. 47). Defendant moves pursuant to **Federal Rule of Criminal Procedure 16(a)(1)(E)(iii)** to compel the Government to produce a personal computer that allegedly belongs to Defendant and is located in the back seat of Defendant's impounded automobile. Defendant argues that the computer may be valuable to the defense of his case.

The Government timely filed a Response. (Doc. 57). In its Response, the Government argues that Defendant has unlimited access to Defendant's automobile and the current contents thereof because those items have not been seized. The Government acknowledges, however, that certain administrative fees due and payable to the City of Granite City may need to be paid before Defendant can get access to his impounded property. In sum, the Government argues that Defendant's computer and vehicle are not in its possession, custody, or control, but are currently in the possession, custody and control of the City of Granite City police pending payment of administrative fees to remove the property from the City's impound lot.

Defendant did not file a reply to the Government's response.

The relevant part of Rule 16 provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is in the government's possession, custody, or control and the item was obtained from or belongs to the defendant." **FED. R. CRIM. P. 16(a)(1)E)(iii)**.   In the case at bar, it appears from the record that the Government does not have possession, custody or control of Defendant's automobile or personal computer.  Thus, by its terms, Rule 16(a)(1)(E)(iii) does not apply, which means there is no basis upon which the Court may grant Defendant's Motion to Compel.

The real obstacle appears to be the inability or unwillingness of Defendant to pay the administrative fees necessary to gain access to the car and its contents.  The Government's proffered solution is for this Court to issue a search warrant so the Government may seize the items at issue and then turn over the items to Defendant for inspection pursuant to Rule 16. That the Government needs a search warrant to get at the contents of the vehicle only further reinforces the notion that the Government does not have possession , custody and control of the vehicle.  In fact, it suggests Defendant may have more access than does the Government, if he can pay the due and payable fees.

Regarding the Government's request for leave to apply for a search warrant, the Court believes that the Government's request is inappropriate under these

circumstances. It is apparent from the record that the only reason the Government would request a search warrant for the car at this time is to reach a compromise with Defendant on this discovery issue. If that was not the case and the computer was of some potential value to the Government's case, it is reasonable to presume that the Government already would have requested a search warrant. Search warrants are not tools of compromise. Search warrants are issued upon a showing of probable cause of (1) evidence of a crime; (2) contraband, fruits of a crime, or other items illegally possessed; (3) property designed for use, intended for use, or used in committing a crime; or (4) a person to be arrested or a person who is unlawfully restrained. **FED. R. CRIM. P. 41(c).** The Government made no showing in its request, but merely sought a compromise. Although it is an unusual tactic for a defendant to suggest the Government take possession of a vehicle while it is he who has a superior possessory right to that vehicle and could easily take control of the vehicle before the Government undertakes some legal process to seize the vehicle, the tack does not create a legally sufficient basis on which the Court can issue a legally binding order on the prosecution. Accordingly, the Court **DENIES** Defendant's Motion to Compel.

    **IT IS SO ORDERED.**

Signed this 17th day of September, 2009.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**