IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MIROSLAV STOLICA,**

**Defendant.**                                                    **No. 09-cr-30047-DRH**

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Second Motion to Compel regarding the contents of Defendant's automobile. (Doc. 61). The Court denied Defendant's first Motion to Compel (Doc. 47) on September 17, 2009. The Court's order was based upon the Government's representations that (a) it did not have possession, custody or control of Defendant's automobile, which purportedly is impounded by the City of Granite City; and (b) that Defendant had full access to the automobile once fees due and payable to the City of Granite City were paid. (Doc. 60). Defendant now moves pursuant to **Federal Rule of Criminal Procedure 16(a)(1)(E)(iii)** to compel the Government to allow the defense access to Defendant's automobile.

According to Defendant's Second Motion to Compel, Defendant, by and through his attorneys, attempted to gain access to the vehicle on September 21, 2009. However, a representative of the Granite City Police Department denied Defendant access, and stated he could not provide access without permission of Agent Derek Davis of the United States Secret Service. Although there apparently

was an agreement between the Government and Defense Counsel during the pendency of Defendant's previous Motion to Compel, the Court notes that according to Defendant's Motion, his attorneys are still being denied access at the behest of the Government days after the Court denied Defendant's First Motion to Compel.  The clear implication is that the Government has the power to grant or deny access to Defendant's automobile, which strongly suggests that the Government has control of the vehicle.  Such a state of affairs is in contradiction to the Government's previous representations to the Court on this matter.

The relevant part of Rule 16 provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is in the government's possession, custody, or control and the item was obtained from or belongs to the defendant." **FED. R. CRIM. P. 16(a)(1)E)(iii)**.   In the case at bar, it now appears that the Government may have control of Defendant's automobile despite its previous representations to the contrary.

Accordingly, the Court **ORDERS** the Government to file a written response to Defendant's Second Motion to Compel (Doc. 61) on or before Monday, September 28, 2009.  If the Government's previous position regarding its control over Defendant's automobile was not correct or if the status of its control has changed, the Government should support any argument against Defendant's Second Motion to Compel with affidavits or advise the Court why affidavits could not be obtained

because of the expedited briefing schedule on this matter.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**