IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIROSLAV STOLICA,

    Defendant.                                       Case No. 09-cr-30047-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

On December 11, 2009, the Court held an evidentiary hearing regarding defendant Miroslav Stolica's Motion to Dismiss Superseding Indictment (Doc. 47). The Court found a hearing was necessary in order to determine whether Defendant's administrative detention was more than a "mere ruse" in order to avoid the provisions of the Speedy Trial Act. After hearing testimony and receiving documentary evidence, the Court took the matter under advisement.[1]

---

[1] At the conclusion of the evidentiary hearing, the Defendant requested additional time to decide whether he wanted to move for leave to supplement his Motion and also to decide whether he would choose to testify on his behalf as part of his "supplement" to the Motion (*see* Minutes of Hearing at Doc. 91). Ultimately, Defendant decided he did not wish to file a supplement and/or testify. Upon receiving this information, the Court proceeded to issue its final ruling on the Motion.

This Order will serve as a continuation of the analysis in the Court's December 3, 2009 order (Doc. 80), which reserved ruling on Defendant's Motion to Dismiss and set the evidentiary hearing. As such, this Order will not provide a detailed recitation of the facts and the law as these have been provided by its earlier order. To summarize briefly, however, Defendant has been federally indicted and is awaiting trial on those charges. However, prior to his indictment but subsequent to his arrest, Defendant, who is of alien status, was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") officials for his failure to comply with a prior ICE Order of Supervision. Defendant argues that his Indictment (and also the Superseding Indictment) should be dismissed for the Government's violation of the Speedy Trial Act in that it failed to indict him within thirty (30) days after his arrest, in accordance with § 3161(b). More specifically, Defendant believes that the 67 days he was detained by ICE officials under an "administrative" hold before he was federally indicted by the Government should count against the 30-day period set forth in § 3161(b) of the Speedy Trial Act. **18 U.S.C. § 3161(b)**.

Upon reviewing the Parties' written and oral arguments, as well as the testimony and documentary evidence provided during the December 11, 2009 motion hearing, the Court finds a dismissal to be unwarranted.

## II. Analysis

As previously stated, § 3161(b)'s time limit for indicting a defendant after his arrest does not typically apply to arrests and detentions based on *civil* offenses. **See United States v. Pasillas-Castanon, 525 F.3d 994, 997 (10th Cir. 2008) (collecting cases) (emphasis added)**. Defendant was detained by ICE officials before he was indicted by the Government on federal charges. His ICE detainment was considered administrative (or civil) and therefore, is not considered an arrest in connection with a federal criminal offense necessary to trigger the Speedy Trial Act. **See United States v. Guevara-Umana, 538 F.3d 139, 141 (2d Cir. 2008) (collecting cases)**. However, Defendant seeks to apply the "ruse" exception to the facts of this case, arguing that ICE officials wrongfully colluded with the Government and Secret Service agents to detain him solely to avoid the 30-day filing requirement under the Speedy Trial Act. In other words, Defendant believes his ICE detainment was but "a mere ruse for later prosecution." **Pasillas-Castanon, 525 at 997**. As the Court observed in its previous order (Doc. 80), a defendant bears a high burden in convincing a court that the ruse exception should apply. It must be shown that the administrative civil detention was solely or primarily to hold a defendant for future criminal prosecution, prompted by the wrongful collusion between officials. **Id. at 998 (citations omitted)**. The ruse exception cannot apply if it is shown that civil officials had a lawful basis for administratively detaining a defendant. **Id.**

Defendant argues that Secret Service Agent Davis colluded with ICE Agent Jeff Wagner to administratively detain Defendant solely for pending federal prosecution. In support, Defendant introduced Agent Davis' report, which states that on February 26, 2009 – the day before Defendant's arrest – he contacted ICE Agent Wagner to brief him about the ongoing criminal investigation and Defendant's immigration status and was informed by Agent Wagner that Defendant "could be held at any given time, 'administratively,' due to his deportation status" (Doc. 78, Ex. 1, p. 1). Defendant also filed a Supplement to his Motion (Doc. 90), which contained several e-mails his counsel received from the Government pursuant to a *Brady* request. These e-mails were exchanged between ICE officials, Secret Service Agent Davis and former Assistant United States Attorney, Jim Crowe (the former Government prosecutor for this case). From the arrest report and the e-mails, Defendant opines that ICE officials never had any intention of detaining him absent the ongoing criminal investigation conducted by Secret Service agents and thus, his detainment was solely for the purpose of delay so that the investigation could be completed without the pressure of the 30-day time period to file the indictment (Doc. 47, p. 4).

In Response, the Government argues that the ruse exception should not apply here, offering that ICE officials had a lawful basis for administratively detaining Defendant, namely, for violating his ICE Order of Supervision (Doc. 68, p. 2). In particular, the Government states that Defendant was administratively detained due to a previous failure to report to the local ICE office as required by his Order of

Supervision and his alleged criminal behavior as charged in the instant case.

While in his briefings, Defendant's arguments, coupled with the evidence at hand, certainly raised the question of whether the ruse exception should apply, after hearing the testimony of ICE Agent Wagner, the Court concludes that not only has the Government shown a lawful basis for Defendant's administrative detention with ICE, it was also shown that ICE did not detain Defendant solely for future criminal prosecution. In short, the Court is convinced there was no evidence proving wrongful collusion between the Government and ICE officials.

Agent Wagner testified regarding the civil detainer ICE placed on Defendant for his failure to comply with an ICE Order of Supervision. Agent Wagner was contacted by Secret Service Agent Davis regarding his intent to arrest Defendant for his alleged involvement with the illegal sale of firearms. Although he was aware that the Government intended to file charges and indict Defendant, Agent Wagner testified that he would have detained Defendant had the Government *not* intended to file charges, as he believed Defendant was a danger to the community, based on the allegations of his involvement with selling firearms. Agent Davis testified that because Defendant had violated his Order of Supervision, he could be detained by ICE. He further testified that he had discretion regarding whether to detain Defendant for this violation. Continuing, Agent Davis stated that generally, if he receives information that an alien is allegedly committing crimes, such as was the case with Defendant, he tries to place an administrative detainer on the alien to keep him off the streets in order to prevent him from killing others or being killed.

It is apparent from the testimony of ICE Agent Wagner that he had his own independent and lawful basis for detaining Defendant. The fact that the Government also sought to indict Defendant does not create wrongful collusion, as two different government agencies, such as ICE and the U.S. Attorney's Office, can proceed simultaneously with their own business regarding an alien, such as Defendant. That ICE Agent Davis was under some real-life budgetary constraints concerning the detainment of Defendant, in that if he could be subsequently passed off to another agency in order to free up room for the detainment of other aliens when needed, is also not indicative of collusion. It merely supplies context and provides an explanation for Agent Davis' continued inquiries as to when the Government intended to file an indictment against Defendant.

Moreover, the fact that Defendant is an alien of deportable status[2] makes it somewhat difficult for ICE to show diligent administrative prosecution, as although it was testified by ICE Official Brown that a request was made for Defendant's travel documents, that request was still pending at the time Defendant was transferred from ICE custody to the U.S. Marshals. Further, the reason for Defendant's civil detainment – failure to report in accordance with his Order of Supervision – was properly listed on his Notice of Revocation of Release. Agent Wagner testified that he himself gave Defendant an informal interview when he was brought in by ICE, in

---

[2] Defendant remains on supervision continuing to be subject to an order of deportation, as ICE officials have yet to obtain the necessary documents from his native country of Bosnia-Herzegovina in order to deport him.

accordance with **8 C.F.R. § 241.4(l)(1)**. Further, because Defendant was transferred to the custody of the U.S. Marshals after 67 days in ICE custody, ICE's 90-day review of his revocation became moot. In sum, the evidence does not indicate that ICE evaded diligent prosecution of Defendant's administrative deportation case.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Superseding Indictment (Doc. 47) for the reasons discussed herein. This matter is hereby reset for **JURY TRIAL** on **Monday, February 22, 2010 at 9:00 a.m.**[3]

**IT IS SO ORDERED.**

Signed this 25th day of January, 2010.

/s/   David R Herndon
**Chief Judge
United States District Court**

---

[3] The Court notes that the last trial setting for this matter was August 31, 2009. However, because of Defendant's pending pre-trial motions, that trial date was canceled, so that the Court could properly consider the motions (*see* 8/21/2009 Minutes at Doc. 50). However, the time from when the 8/31/2009 trial date was canceled until now has been excludable under § 3161(h)(1)(D) of the Speedy Trial Act, as within that span the instant Motion to Dismiss (Doc. 47) has been pending, as well as several other of Defendant's pre-trial motions (*see* Docs. 40, 43, 48, 61, 69, 75 & 86).