IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIROSLAV STOLICA,

    Defendant.                             Case No. 09-cr-30047-DRH

**ORDER**

**HERNDON, Chief Judge:**

    Before the Court is Defendant's First Motion in Limine (Doc. 19), which seeks to prevent the government from introducing evidence of prior convictions and agreeing to stipulate to a prior felony conviction. In this First Motion in Limine, Defendant states that he is being charged with the crime of being a felon in possession of a firearm under **18 U.S.C. § 922(g)**. Therefore, he agrees to stipulate that he was previously convicted of a felony punishment by imprisonment exceeding one year (which is the underlying felony necessary to support the charge) and seeks that the Court prohibit the Government from arguing or introducing evidence of his prior conviction as part of its case in chief.

    The Court hereby **GRANTS** Defendant's First Motion in Limine (Doc. 19) *on the condition* that Defendant stipulates to being previously convicted of a

felony punishable by imprisonment exceeding one year. Defendant's stipulation will thereby preclude the Government from introducing (or arguing) evidence of Defendant's specific underlying felony as part of its case in chief.

Also before the Court is Defendant's Second Motion in Limine (Doc. 20), in which he seeks to preclude the Government from introducing evidence of certain prior convictions to impeach Defendant should he decide to testify. Defendant anticipates that should he testify on his own behalf at trial, that the Government may introduce evidence of his two prior conviction for bank robbery in an attempt to impeach him. Because these two prior bank robbery convictions are not crimes of dishonesty, Defendant argues that their prejudicial harm would outweigh their probative value and thus, they should not be permitted pursuant to either Rules 609(a) and (b) of the Federal Rules of Evidence.

Responding (Doc. 38), the Government argues that it should not be precluded from introducing evidence of Defendant's prior bank robbery convictions under Federal Rule of Evidence 609. The Government analyzes its assertion via the five-part test outlined in **United States v. Montgomery**, used when a district court must consider whether the probative value of evidence of a prior conviction for impeachment purposes would outweigh its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the

credibility issue. **390 F.3d 1013, 1015 (7th Cir. 2004) (citing *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976))**. The Court, in reviewing the Parties' arguments, agrees with the Government's rationale.

As to the first factor – the prior convictions' impeachment value – the Government states that although the bank robberies are not inherently crimes of dishonesty, it can still be probative, as Rule 609(a)(1)'s purpose is to allow crimes for impeachment purposes that are not specifically regarded as crimes of dishonesty and thereby admissible under Rule 609(a)(2) (Doc. 38, p. 2, citing ***United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993)**, for the proposition that prior convictions need not involve "inherent dishonesty" to be admissible under Rule 609(a)(1)). Further, the Court finds that the two prior convictions are probative of Defendant's credibility, should he testify, and the jury has the right to be apprised of them.

Regarding the time of the convictions, Defendant was convicted of bank robbery once in June 1999 and again in November 1999. The Government argues that the June 1999 conviction is still timely as Defendant was not released from the confinement imposed as a result of that conviction until April 2003. So that is within the 10-year time limit under Rule 609(b). As for the November 1999 conviction, the Government, in its Response, argued that the conviction was timely without stating the Defendant's confinement release date (if applicable). This is because the Government filed its Response back in August 2009, when less than 10

years had passed since the November 1999 conviction, and it most likely anticipated this case would proceed to trial much earlier (given that the trial date has since been continued several times, for various reasons).  Nevertheless, the Court still finds Defendant's November 1999 conviction for bank robbery shall be admissible under Rule 609(b), as "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." **FED. R. EVID. 609(b)**.  Further, it is apparent from the Parties briefs (Docs. 20 & 38) that Defendant is on notice of the Government's intent to use this conviction for impeachment purposes should Defendant testify.

Considering the third factor – the similarity between the past crime and the instant crime – the Court agrees with the Government that this factor favors admissibility of the two prior bank robbery convictions, as neither are similar to the crimes charged in the instant criminal proceeding, which are felon-in-possession of a firearm and illegal counterfeiting.

As to the fourth and fifth factors, which look to both the importance of Defendant's testimony and the centrality of the credibility issue, the Government predicts that Defendant's testimony and his credibility will be important and central to the issues at trial.  The Government further states that it will not need to introduce evidence of Defendant's prior bank robbery convictions unless Defendant testifies at trial that the testimony of the Government's witnesses was not true and correct.  As that is unlikely to be the case if Defendant does in fact testify, the Government will have to attempt to impeach him and ultimately believes the evidence that Defendant

was previously convicted twice for the crime of bank robbery should be admitted under Federal Rule of Evidence 609. Again, the Court agrees. Likely the purpose of Defendant testifying at his own trial will be to offer his version of events, which, in all probability, will conflict with the evidence in the Government's case in chief.

In considering the five factors of the *Mahone* test, the Court finds that the probative value of the evidence regarding Defendant's June 1999 and November 1999 bank robbery convictions for impeachment purposes, should Defendant choose to testify, outweighs any prejudicial harm to Defendant and thus, should be admitted under Federal Rule of Evidence 609. While certainly this evidence will be somewhat prejudicial to Defendant, it is classic, for impeachment purposes, for such evidence to be prejudicial. Yet, in this case, the Court believes the jury should be allowed to consider this evidence along with all of the other evidence when considering the Defendant's credibility. Accordingly, Defendant's Second Motion in Limine (Doc. 20) is hereby **DENIED**. However, the Government will *not* be allowed to go into detail about these two prior convictions and their nature – only the description as revealed by the judgment of conviction.

**IT IS SO ORDERED.**

Signed this 8th day of February, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**